## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **RUBEN CANO-PEREZ,**<br> **Plaintiff,** | ) <br> ) <br> ) |
| **v.** | ) <br> ) |
| **WAL-MART STORES EAST, L.P.**<br> **AND WAL-MART STORES, INC.,**<br> **Defendants.** | ) <br> ) <br> ) |

**CIVIL ACTION FILE NO.:**
<u>21A02372</u>

**[SERVED WITH DISCOVERY]**

### COMPLAINT FOR DAMAGES

Plaintiff Ruben Cano-Perez ("Plaintiff" or "Cano-Perez") files this Complaint against

Defendants WAL-MART STORES EAST, L.P. and WAL-MART STORES, INC. (hereinafter

jointly referred to as "Defendants") and shows the Court the following:

### JURISDICTION AND VENUE

1.

Plaintiff Ruben Cano-Perez is a resident of Atlanta, Georgia.

2.

Defendant Wal-Mart Stores East, L.P. is a foreign for-profit Limited Partnership registered

to conduct business in Georgia and has its principal place of business located at 702 S.W. 8th Street,

Bentonville, Arkansas 72716. Defendant Wal-Mart Stores East, L.P. may be served with process

by serving a copy of the Summons and Complaint upon its registered agent The Corporation

Company located at 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040-2794.

3.

Defendant Wal-Mart Stores, Inc. is an Arkansas Corporation with its principal place of

business located at 702 S.W. 8th Street, Bentonville, Arkansas 72716, conducts business in the

STATE COURT OF
DEKALB COUNTY, GA.
5/17/2021 2:11 PM
E-FILED
BY: Siana Smith

5/17/2021

State of Georgia, and is not registered with the Georgia Secretary of State. Wal-Mart Stores, Inc.

may be served with process by serving their registered agent The Corporation Company located at

106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040-2794.

4.

Venue of this action is properly laid in Dekalb County, Georgia.

5.

This Court has proper jurisdiction over this action and the parties thereto.

### STATEMENT OF FACTS

6.

On September 6, 2019, Plaintiff was a business invitee at the Wal-Mart Neighborhood

Market located at 3201 Tucker Norcross Road, Tucker, Georgia 30084 in Dekalb County

(hereinafter referred to as the "Premises"). While Plaintiff was shopping at the Premises, Plaintiff

slipped and fell.

7.

At all times material to this action, Defendants operated, managed and/or controlled the

Premises.

### NEGLIGENCE

8.

At all times material to this action, Plaintiff was an invitee on the Premises.

9.

At all times material to this action, Defendants had a non-delegable duty to properly

maintain the Premises and to ensure that the Premises was free of hazards which could foreseeably

Page | 2

cause bodily injury and harm to invitees, including Plaintiff.

10.

Defendants had a duty to inspect the Premises to discover dangerous and hazardous conditions that may cause injuries to its invitees, and to either eliminate such dangerous and hazardous conditions or to warn its invitees, including Plaintiff, of the existence of any such dangerous or hazardous conditions.

11.

On September 6, 2019, Defendants caused, created and/or permitted an unsafe, dangerous and hazardous condition to exist at the Premises, failed to undertake reasonable inspections of the Premises and/or failed to either eliminate such unsafe, dangerous and hazardous condition or to warn Plaintiff of the existence of the hazardous and dangerous condition.

12.

On September 6, 2019, Plaintiff, while lawfully on the Premises as an invitee of Defendants, Plaintiff was injured as a result of the dangerous, hazardous and unsafe condition of the Premises caused, created and/or unlawfully permitted by Defendants and/or their employees or agents for whom Defendants are vicariously liable.

13.

Defendants failed to cure the dangerous and hazardous condition of the liquid on the floor of the Premises while Plaintiff was an invitee of Defendants and failed to warn Plaintiff of the dangerous and hazardous condition.

14.

Defendants knew or should have known of the dangerous condition, should have corrected

it and should have warned Plaintiff of said dangerous condition.

15.

As a direct and proximate result of Defendants' negligence, Plaintiff sustained bodily injury, continues to endure physical and mental pain and suffering, and continues to incur medical expenses and lost wages and other damages to be proven at trial.

16.

At all times pertinent hereto, Defendants and their agents and/or employees had superior knowledge of the unsafe condition of their premises which proximately caused Plaintiff's injuries, said condition at all times prior to his injury being unknown to Plaintiff.

WHEREFORE, Plaintiff prays for the following:

a)      That Defendants be served with process required by law;

b)      That Plaintiff be granted a trial by jury;

c)      That Defendants be found liable for damages sustained by the Plaintiff due to the negligence of the Defendants;

d)      That Defendants be found liable for all court costs associated with this action and for all other costs and damages to be determined by this Court;

e)      That Plaintiff be awarded damages in such sums as this Court and jury shall find appropriate based upon the evidence submitted at the time of trial;

f)      That Plaintiff be awarded attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-1; and

g)      That Plaintiff be granted such other and further relief as this Honorable Court may deem as necessary and proper.

This 17th day of May, 2021.

THE BROSNAHAN LAW FIRM

/s/ *Kenneth Brosnahan*
Kenneth W. Brosnahan, Esq.
Georgia State Bar No. 086345
E-mail: kwb@brosnahan-law.com
Linda G. Carpenter, Esq.
Georgia State Bar No. 111285
E-mail: lgc@brosnahan-law.com
Sharon L. Neal, Esq.
Georgia State Bar No. 536060
E-mail: sharon@brosnahan-law.com
**Attorneys for Plaintiff**

31 Lenox Pointe, N.E.
Atlanta, Georgia 30324
Tel: (404) 853-8964
Fax: (678) 904-6391

STATE COURT OF
DEKALB COUNTY, GA.
5/17/2021 2:11 PM
E-FILED
BY: Siana Smith

Page | 5

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

RUBEN CANO-PEREZ,

                                         Civil Action File No.
                                         21A02372

                    Plaintiff,

v.

WAL-MART STORES EAST, L.P.
AND WAL-MART STORES, INC.,

                    Defendants.

_____/

## ANSWER OF DEFENDANTS

COME NOW, Defendants WAL-MART STORES EAST, L.P. and WAL-MART STORES, INC. and make this Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Jurisdiction is not proper as to Wal-Mart Stores, Inc.

### SECOND DEFENSE

Venue is not proper as to Wal-Mart Stores, Inc.

### THIRD DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

### FOURTH DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by

Page -1-

Plaintiff's own contributory negligence and failure to exercise ordinary care.

## FIFTH DEFENSE

Plaintiff was not in the exercise of ordinary care for his own safety in the premises, and by the exercise of ordinary care could have avoided any injury to himself; and on account thereof, Plaintiff is not entitled to recover from Defendants.

## SIXTH DEFENSE

Defendants deny that they were negligent in any manner whatsoever or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## SEVENTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendants.

## EIGHT DEFENSE

Plaintiff's claims for attorney's fees should be dismissed as a matter of law.

## NINTH DEFENSE

Defendants respond to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendants lack sufficient knowledge and information to either admit or deny

the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendants admit the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendants deny the allegations contained in paragraph 3 of the Plaintiff's Complaint, as said corporate entity is now known as Walmart Inc.

4.

Defendants deny the allegations contained in paragraph 4 of the Plaintiff's Complaint.  Venue is now proper in the United States District Court, Northern District of Georgia, Atlanta Division.

5.

Defendants deny the allegations contained in paragraph 5 of the Plaintiff's Complaint.  Jurisdiction is now proper in the United States District Court, Northern District of Georgia, Atlanta Division.

6.

Defendants deny the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendants admit only that Wal-Mart Stores East, LP operated the subject store.  Defendants deny the remaining allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendants deny the allegations contained in paragraph 9 of the Plaintiff's Complaint, as stated.  The applicable statute and case law speak for themselves.

10.

Defendants deny the allegations contained in paragraph 10 of the Plaintiff's Complaint, as stated.  The applicable statute and case law speak for themselves.

11.

Defendants deny the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendants deny the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendants deny the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendants deny the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.

Defendants deny the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.

Defendants deny the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

18.

Defendants deny Plaintiff's prayer for relief, including subparagraphs a), b), c), d), e), f), and g) thereof.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANTS DEMAND TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


 /s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088


 /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorneys for Defendants
WAL-MART STORES EAST, L.P.
WAL-MART STORES, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

Page -6-

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WAL-MART STORES EAST, L.P. AND WAL-MART STORES, INC. has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the __28th__ day of May, 2021.

McLAIN & MERRITT, P.C.

_/s/ Howard M. Lessinger___
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendants
WAL-MART STORES EAST, L.P.
WAL-MART STORES, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com